# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRY L. MCCUE,<br><br>                    Plaintiff,<br><br>vs.<br><br>FDA,<br><br>                    Defendant. | CASE NO. 12-CV-855 - IEG (WVG)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*;**<br><br>[Doc. No. 2]<br><br>**(2) *SUA SPONTE* DISMISSING COMPLAINT; AND**<br><br>[Doc. No. 1]<br><br>**(3) DENYING WITHOUT PREJUDICE AS MOOT MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[Doc. No. 3] |

     Plaintiff Garry L. McCue ("Plaintiff") commenced this action on April 6, 2012 against the United States Food and Drug Administration ("FDA"). [Doc. No. 1.] Along with his complaint, Plaintiff submitted a motion to proceed *in forma pauperis* ("IFP") and a motion for the appointment of counsel. [Doc. Nos. 2-3.] Having considered Plaintiff's submissions, the Court **GRANTS** Plaintiff leave to proceed *in forma pauperis*, but **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint, and **DENIES WITHOUT PREJUDICE** as moot Plaintiff's motion for the appointment of counsel.

**DISCUSSION**

**I.     MOTION TO PROCEED *IN FORMA PAUPERIS***

All parties instituting any civil action, suit, or proceeding in a district court, except an application for writ of habeas corpus, must pay a filing fee of $350.  See 28 U.S.C. § 1914(a). However, an action may proceed despite failure to pay the filing fee if the party is granted *in forma pauperis* ("IFP") status.  See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).  The Court may grant IFP status to any party who demonstrates that he or she is unable to pay such fees or give security therefor.  28 U.S.C. § 1915(a).

In the present case, having reviewed Plaintiff's motion and declaration in support of the motion, the Court finds that Plaintiff has made a sufficient showing of inability to pay the required filing fees. See Rodriguez, 169 F.3d at 1177.  Accordingly, good cause appearing, the Court **GRANTS** Plaintiff leave to proceed *in forma pauperis*.

**II.    INITIAL SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

**A.     Legal Standards**

After granting IFP status, the Court must dismiss the case if the complaint "fails to state a claim on which relief may be granted" or is "frivolous." 28 U.S.C. § 1915(e)(2)(B); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim). In order to properly state a claim for relief, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,–U.S.–, 129 S. Ct. 1937, 1949 (2009).  A complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "'The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'"  Id.

///

///

///

**B.     Analysis**

As currently pleaded, Plaintiff's complaint fails to state a cognizable claim against the FDA. Although the allegations in Plaintiff's complaint are difficult to follow, it appears that Plaintiff is attempting to bring a claim against the FDA for products liability based on its failure to satisfy its duty to warn Plaintiff with respect to Plaintiff's pacemaker. [Doc. No. 1, at 1-2.] Plaintiff alleges that his pacemaker has been malfunctioning since 2002. [Id.]  However, Plaintiff fails to allege any facts showing that the FDA had a duty to warn Plaintiff about his pacemaker.  In the complaint, Plaintiff cites to a Nevada Supreme Court decision stating that "a drug manufacturer is responsible for the content of its drug label and ensuring that the warning remains adequate as long as the drug is on the market."  [Id. (citing Wyeth v. Rowatt, 244 P.3d 765, 780 (Nev. 2010).]  See also Stevens v. Parke, Davis & Co., 9 Cal. 3d 51, 65 (1973) (stating that similar duty to warn exists under California law). Even assuming this duty to warn applies to Plaintiff's pacemaker, Plaintiff does not allege that the FDA was the manufacturer of his pacemaker.  To the contrary, an exhibit attached to the complaint lists "Boston Scientific" as the manufacturer of Plaintiff's pacemaker.  [Doc. No. 1-5, Ex. 5 at 2.] Therefore, Plaintiff has failed to properly plead a cause of action for products liability against the FDA. Cf. O'Neil v. Crane Co., 53 Cal. 4th 335, 349 (2012) ("[S]trict products liability should be imposed only on those entities responsible for placing a defective product into the stream of commerce."). Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's cause of action for products liability against the FDA.

In addition, if Plaintiff wishes to proceed with his claim for products liability, it should be brought against the United States, not the FDA. The United States is a sovereign, and may not be sued without its consent. United States v. Testan, 424 U.S. 392, 399 (1976).  A suit for damages against a federal agency is essentially a suit against the United States and is also barred by sovereign immunity absent statutory consent. Gilbert v. DaGrossa, 756 F.2d 1455, 1460 & n.6 (9th Cir. 1985).

The Federal Tort Claims Act ("FTCA") provides such a waiver of sovereign immunity. Richardson v. United States, 943 F.2d 1107, 1113 (9th Cir. 1991). The FTCA is the exclusive remedy for filing a tort action against a federal agency. See 28 U.S.C. § 2679; Kennedy v. U.S. Postal Serv., 145 F.3d 1077, 1078 (9th Cir.1998) (per curiam) ("The FTCA is the exclusive remedy for tort actions

1  against a federal agency."). However, the FTCA "provides that the United States is the sole party
2  which may be sued for personal injuries arising out of the torts of its employees." <u>Allen v. Veterans</u>
3  <u>Admin.</u>, 749 F.2d 1386, 1388 (9th Cir. 1984) (citing 28 U.S.C. §§ 1346(b), 2679(a)).  Therefore,
4  Plaintiff must assert his tort claim for products liability against the United States as the defendant if he
5  wishes to proceed with that claim.  Accordingly, Plaintiff's claim for products liability should also be
6  **DISMISSED WITHOUT PREJUDICE** for failure to name the United States as the defendant as
7  required by the FTCA.  See <u>Allen</u>, 749 F.2d at 1388; <u>Pink v. Modoc Indian Health Project</u>, 157 F.3d
8  1185, 1188 (9th Cir. 1998).

9  Plaintiff's complaint also states that the FDA's conduct is in violation of 18 U.S.C. § 1962, a
10 section of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). [Doc. No. 1 at 2.]  To
11 state a civil RICO claim, a plaintiff must allege: "(1) conduct; (2) of an enterprise; (3) through a pattern
12 (4) of racketeering activity (known as predicate acts); (5) causing injury to plaintiff's business or
13 property." <u>Living Designs, Inc. v. E.I. Dupont de Nemours and Co.</u>, 431 F.3d 353, 361 (9th Cir. 2005).
14 However, Plaintiff cannot bring a RICO claim against the FDA, because "RICO claims cannot be
15 asserted against federal agencies or the federal government." <u>Duran v. IRS</u>, 2009 U.S. Dist. LEXIS
16 21996, at *4 (E.D. Cal. Mar. 18, 2009); <u>accord.</u> <u>Berger v. Pierce</u>, 933 F.2d 393, 397 (6th Cir.1991) ("it
17 is clear that there can be no RICO claims against the federal government"); <u>Kenner v. Kelly</u>, 2010 U.S.
18 Dist. LEXIS 122240, at *2 (S.D. Cal. Nov. 18, 2010).  Accordingly, the Court **DISMISSES WITH**
19 **PREJUDICE** Plaintiff's RICO claim.

### III. MOTION FOR APPOINTMENT OF COUNSEL

21 In addition to his complaint, Plaintiff has also filed a motion for the appointment of counsel.
22 [Doc. No. 3.]  Because the Court dismisses Plaintiff's complaint in its entirety, Plaintiff's motion for
23 the appointment of counsel is **DENIED WITHOUT PREJUDICE** as moot.

### CONCLUSION

25 Based on the foregoing, the Court **GRANTS** Plaintiffs' Motion to Proceed *in Forma Pauperis*
26 pursuant to 28 U.S.C. § 1915(a), but **DISMISSES** Plaintiffs' complaint for failure to state a claim upon
27 which relief can be granted.  Specifically, the Court (1) **DISMISSES WITHOUT PREJUDICE**
28 Plaintiff's claim for products liability; and (2) **DISMISSES WITH PREJUDICE** Plaintiff's RICO

1 claim. The Court also **DENIES WITHOUT PREJUDICE** as moot Plaintiff's motion for the
2 appointment of counsel.

3      Plaintiff is **GRANTED** thirty (30) days from the date this Order is filed to file a First Amended
4 Complaint addressing the deficiencies of the pleading set forth above. Plaintiff is cautioned his First
5 Amended Complaint must be complete in itself, without relying on references to the original complaint,
6 and the First Amended Complaint should not contain claims that have been dismissed with prejudice.
7 Plaintiff is further cautioned any defendant not named or claim not re-alleged will be considered
8 waived. See King v. Attiyeh, 814 F.3d 1172, 1177-79 (9th Cir. 1996).

9     **IT IS SO ORDERED.**
10 **DATED:** July 11, 2012

11                         **IRMA E. GONZALEZ**
                          **United States District Judge**